UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                      Case No. 10-20302

Bryndon Clentional Weathersby,       Honorable Sean F. Cox

    Defendant.
_____/

**OPINION & ORDER
REGARDING DEFENDANT'S MOTIONS IN LIMINE**

In this action, Defendant Bryndon Clentional Weathersby ("Defendant") is charged with being a felon in possession of ammunition (Count I) and a firearm (Count II), both in violation of 18 U.S.C. § 922(g)(1). This matter is before the Court on two motions in limine filed by Defendant: 1) Defendant's Motion in Limine Regarding Felon in Possession Charge (Docket Entry No. 18); and 2) Defendant's motion seeking to preclude evidence of, or reference to, underlying pending state charges (Docket Entry No. 19). The first motion is now moot because, as stated on the record on October 1, 2010, the parties agree to stipulate that Defendant has a prior felony conviction. Thus, the Court need only consider the second motion. The parties have briefed the issues and the Court heard oral argument on this motion on October 1, 2010. As explained below, the Court shall deny Defendant's motion without prejudice.

It is undisputed that Defendant is facing criminal charges in Genesee Circuit Court, relating to a shooting that reportedly took place on January 19, 2010. Defendant asks this Court to make a pretrial ruling precluding any evidence of, or reference to, the alleged facts underlying

1

his pending criminal charges in state court. Defendant contends that such evidence should be precluded because it lacks relevance to the charges at issue in this action. Defendant further asserts that, if this Court concludes that the alleged facts and circumstances underlying the state charges are somehow relevant, the Court should nevertheless exclude such evidence under FED. R. EVID. 403 because the danger of unfair prejudice to Defendant substantially outweighs any probative value.

The Government opposes the motion. The Government's response explains that the charges in this action were based upon incidents that occurred on January 23, 2010. On that date, officers were dispatched to an apartment complex regarding a juvenile with a gun. The Government states:

> Officers and the apartment security personnel were allowed entry into an apartment where the juvenile was supposed to be hiding. From an exterior window one of the security officers observed defendant place an object, later identified as a handgun magazine, loaded with ten live rounds of ammunition, on top of the vanity mirror in the main floor bathroom. FPD officers observed defendant leave the bathroom. Thereafter, a .380 caliber, Taurus handgun was located in the stove. The magazine fit the handgun.

(Govt.'s Br. at 2). The Government further states that:

> Four days earlier on January 19, 210, defendant was involved in a shooting that resulted in his arrest. The government anticipates testimony that the gun possessed by defendant on January 19, 2010, was the same or a similar firearm to the one he possessed on January 23, 2010. Further forensic examination of the bullet fired on January 19, 2010, indicates that it was .380 caliber and had characteristics, of among other manufacturers, a Taurus handgun.

(Govt.'s Br. at 2).

The Government correctly notes that it must establish that Defendant knowingly possessed the gun and ammunition. The Government anticipates that Defendant will claim a

lack of knowledge of the firearm found in the stove on January 23, 2010. If he does so, the Government asserts that evidence of Defendant's prior possession of the same or similar handgun just four days prior would be relevant to the issue of knowledge and identity and should be admitted under FED. R. EVID. 404(b).

"A trial court must employ a two-step analysis in determining the admissibility of evidence offered under FED. R. EVID. 404(b). First, the trial must ascertain whether the proffered evidence is relevant and admissible for a proper purpose." *United States v. Feinman*, 930 F.2d 495, 499 (6th Cir. 1991). In order to be relevant, the evidence must relate to a matter which is in issue, and must "deal with conduct substantially similar and reasonably near in time to the offenses for which the defendant is being tried." *Id*. In order to determine whether the proffered evidence is admissible for a proper purpose, the trial court must determine whether the evidence is probative of a material issue other than character.

Here, the Government seeks to present the testimony of one or more individuals who would testify that they observed Defendant in possession of a handgun on January 19, 2010. The Government contends that these witnesses would be called simply to testify that Defendant possessed a handgun on January 19, 2010. That is, the Government does not seek to elicit testimony from these witnesses that Defendant was the shooter on January 19, 2010. The Government may also seek to present testimony from a lab expert, who would testify that the handgun found in the stove on January 23, 2010, cannot be ruled out as the firearm that was discharged in an incident that occurred on January 19, 2010.

The Court finds that the testimony proffered by Assistant United States Attorney Nancy Abraham during the October 1, 2010 hearing, is highly relevant as to the issues of knowledge

3

and identity. If Defendant denies knowledge of the .380 caliber Taurus handgun that was found in the stove, evidence that Defendant had knowingly possessed the same or similar handgun just four days prior would be relevant to the issue of knowledge. Similarly, testimony from a lab expert that the handgun found in the stove is the same caliber as a bullet recovered in connection with the January 19, 2010 incident would be relevant to the issue of identity. The Court concludes that the proffered evidence deals with conduct that is substantially similar (i.e., possession of a handgun) and near in time to the offenses charged in this action (i.e., four days apart). The evidence is admissible for a proper purpose because it is probative of material issues other than character (i.e., knowledge and identity).

The second step of the inquiry is determining whether the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice." *Id.* This Court has "broad discretion in balancing probative value against potential prejudicial impact. *Id.*

Having considered the parties' respective arguments here, the Court concludes that the probative value of the evidence proffered by the Government is not substantially outweighed by the danger of unfair prejudice to Defendant.

Consistent with *United States v. Merriweather*, 78 F.3d 1070, 1073 (6th Cir. 1996), after receiving the evidence in question, the Court shall instruct the jury as to the specific and limited purposes for which they may consider the evidence.

Accordingly, IT IS ORDERED that Defendant's motion to seeking to preclude evidence of, or reference to, underlying pending state charges (Docket Entry No. 19) is DENIED WITHOUT PREJUDICE. As set forth above, the Court finds that the testimony proffered by the Government at the October 1, 2010 hearing is admissible under FED. R. EVID. 404(b). If,

4

however, the Government seeks to present evidence at trial that differs from that proffered testimony, Defendant may renew his motion during trial.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 6, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 6, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager